UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clayton Baasi,                                    Civil No. 09-781 (PAM/RLE)

                Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Joan Fabian, David Crist,
Sheryl Vezner, David Reishus,
Michelle Smith, John King,
Jane Doe, John Doe,

                Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Raymond L. Erickson dated February 23, 2010. In the R&R, Magistrate Judge Erickson recommended that the Court grant the Motion to Dismiss and for Summary Judgment. Plaintiff Clayton Baasi filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

The R&R extensively details the factual history of Baasi's claims and this Court will not repeat that history in full here. In brief, Baasi is an inmate at the Minnesota Correctional Facility at Stillwater, where he is serving a sentence for first degree murder. In August 2007, Baasi requested to order a book entitled Naked Woman: A Study of the Female Body, by

1

Desmond Morris. Baasi found the book listed in the anthropology section of a bookseller catalog. When Baasi's request was denied, he filed a grievance. He was informed that he could purchase the book, but because it seemed likely to contain sexually explicit material, it would be confiscated upon receipt by the prison. Thus informed, Baasi ordered the book.

When the book arrived, prison officials confiscated it. The officials determined that the book violated Minnesota Department of Corrections ("DOC") Directive 301.030, which governs prison contraband and forbids material featuring nudity or depictions of sexual activity, unless those depictions illustrate medical, educational, or anthropological content. Baasi filed multiple grievances and was informed at each step that in order to receive the book he would need to be enrolled in an educational course for which it was required. Baasi then commenced this action under 42 U.S.C. § 1983, alleging a violation of his First Amendment rights.

**DISCUSSION**

The R&R recommended the Court dismiss the claims against several of the Defendants and grant summary judgment as to the remaining Defendants on Baasi's First Amendment claim. Because Baasi does not object to the R&R's recommendations with respect to the Motion to Dismiss, those recommendations are adopted.

In considering the Motion for Summary Judgment, Magistrate Judge Erickson thoroughly set forth the applicable legal standard. The regulation of a prisoner's constitutional rights is valid if "'it is reasonably related to legitimate penological interests.'" (R&R (Docket No. 31) at 21 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).) The

2

reasonableness of the regulation depends on four factors: (1) whether there is a valid, rational connection between the regulation and the government interest put forward to justify it; (2) the existence of alternative means available to the prisoner to exercise their right; (3) the impact of an accommodation on guards, inmates, and prison resources; and (4) the absence or availability of ready alternatives. (Id. (citing Turner, 482 U.S. at 89-90).)

The R&R identified the primary issue as the constitutionality of the Defendants' application of Direction 301.030, namely their decision that the "medical, educational, or anthropological" exception to the ban on sexually explicit materials applied only if an inmate was enrolled in an educational course. Defendants explained that rule was designed to further the legitimate penological interests of safety, preventing sexual harassment, and rehabilitating sex offenders. The R&R cited numerous cases concluding that each of the goals articulated by Defendants are neutral and legitimate. It also found that the regulations were reasonable in their restrictions, setting appropriate boundaries for the contraband policy. (Id. at 26-27.)

On review before this Court, Baasi raises several objections. First Baasi argues that fact questions remain which should preclude summary judgment. However, Baasi fails to identify any factual disputes. Instead, Baasi points to disputes about the legal ramifications of undisputed facts, for example arguing that "there is a material question in dispute as to whether he was allowed to possess [the textbook] under the plain wording of DOC Directive 301.030. . . ." (Obj. (Docket No. 33) at 4.) Although Courts are not to resolve factual issues on summary judgment, legal questions are appropriately decided by the Court at the summary

3

judgment phase. Schrier v. Halford, 60 F.3d 1309, 1310 (8th Cir. 1995). Because Baasi raises no factual disputes, this objection is without merit.

Baasi's primary objection is that if the prison officials wanted DOC Directive 301.030 to require that its "medical, educational, or anthropological" exception to apply only to inmates enrolled in an educational courses, then they should have written that requirement into the Directive. Because the enrollment requirement is not specifically included in the Directive, Baasi contends that the requirement is invalid.

Baasi's emphasis on the need for a written regulation is misplaced. As the Fifth Circuit has held, "the validity of prison policies is not dependent on whether they are written or verbal. A policy is a policy—the question is simply whether the record supports a finding that a policy exists." Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998). In this case, the record leaves no doubt that the enrollment requirement was well known to both the inmate population generally and to Baasi in particular.

Further, even if the enrollment requirement was not an "official" prison policy, Baasi's argument still fails. A violation of prison policy is not sufficient to state a § 1983 claim. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997); Moore v. Schuetzle, 486 F. Supp. 2d 969, 989 (D.N.D. 2007). Section 1983 liability only arises if there is a violation of Baasi's constitutional rights. Thus, Baasi must show that Defendants' application of the prison regulation is unreasonably restrictive of his First Amendment rights. The R&R sets forth a well-reasoned and thorough explanation of why the challenged policy does not violation Baasi's constitutional rights, and the Court agrees with the R&R's analysis.

Baasi also objected to the Magistrate Judge's conclusion that because Defendants did not violate any of Baasi's clearly established constitutional rights, they were protected by qualified immunity from § 1983 liability. See Burton v. Richmond, 370 F.3d 723, 729 (8th Cir. 2004). Because the Court agrees that Defendants' application of the enrollment requirement violated no clearly established law, it concurs with the R&R's conclusion.

**CONCLUSION**

Based on its de novo review and the arguments of the parties, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 31). Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss and for Summary Judgment (Docket No. 15) is **GRANTED**; and

2. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: Thursday, March 11, 2010

                                            *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge